**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TROY B. MANNERY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 06-1250 |
| | ) Judge Conti |
| COMMONWEALTH OF PENNSYLVANIA, | ) Magistrate Judge Caiazza |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus
filed by Troy B. Mannery be dismissed because of his failure to
prosecute this action.

**II. REPORT**

The Petitioner, Troy B. Mannery ("Mannery" or "the
Petitioner"), filed the instant Petition for Writ of Habeas
Corpus on September 20, 2006. At that time, Mannery was a pre-
trial detainee awaiting trial on charges in the Court of Common
Pleas of Fayette County, Pennsylvania. He was directed by order
filed on September 21, 2006, to complete and return a form within
fifteen days indicating the manner he intended to proceed -
since he did not submit a filing fee or a petition to proceed in
*forma pauperis* ("IFP"). (Doc. 2). When Mannery failed to submit
the required form, a second order issued on October 30, 2006,

directing him to either complete an IFP form or submit the $5.00
filing fee. (Doc. 3). Again, he failed to respond, leading to
this Court's order of November 20, 2006, directing Mannery to
show cause why this case should not be dismissed for failure to
prosecute. (Doc. 4). The rule was returnable on or before
December 5, 2006. Again, no response has been filed.

In determining whether an action should be dismissed as a
sanction against a party, the court must consider six factors.
These factors are as follows:

(1)    The extent of the parties personal responsibility;

(2)    The prejudice to the adversary caused by the failure to
       meet scheduling orders and respond to discovery;

(3)    A history of dilatoriness;

(4)    Whether the conduct of the party or the attorney was
       willful or in bad faith;

(5)    The effectiveness of sanctions other than dismissal,
       which entails an analysis of alternative sanctions; and

(6)    The meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868
(3d Cir. 1984).

A consideration of the factors set out in Poulis requires
that this action be dismissed. Factors one and four each relate
to Mannery's failure to comply with this court's two prior
orders, that is, the extent of his personal responsibility, and
whether his conduct was willful or in bad faith. These two
factors weigh heavily against Mannery. With respect to factor

number one, it is clear that the Mannery's failure to comply with this court's orders was his personal responsibility. With respect to factor four, this court finds that Mannery wilfully ignored two prior orders entered by this court.

Relative to factor number two, the court must consider the prejudice caused to the adversary because of Mannery's failure to comply with the prior orders he ignored. With respect to this factor, there appears to be no specific prejudice to the Respondent, other than general delay. Therefore, this factor will not be weighed against Mannery.

Factor number six, the meritoriousness of the claim, will be weighed against Mannery since this is a pre-trial federal habeas petition in which he challenges the sufficiency of the showing made by the state at his preliminary hearing. Mannery will have the opportunity to challenge this determination both at trial and, once trial is over, on appeal. In short, Mannery has not exhausted the available state court remedies and this court would not have reached the merits of his claim in any event.

Turning to factor number three, other than the lapse of time, there is no protracted history of dilatoriness. Mannery has, however, failed to respond to two orders which were issued by this court, which has caused a delay in the prosecution of this case. This factor weighs slightly against the Petitioner.

The final factor to consider here is the effectiveness of sanctions other than dismissal. Since the Petitioner was

incarcerated at the time he filed this action, it appears that monetary sanctions would be ineffective. Further, because Mannery has failed to comply with two orders entered by this court, it appears that he has no interest in pursuing this case. Therefore, dismissal is the most appropriate action. In sum, Mannery's petition for writ of habeas corpus should be dismissed because of his failure to prosecute this action.

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b) (1) (B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 2, 2007. Responses to objections are due by January 12, 2007.

December 14, 2006                    s/Francis X. Caiazza
                                     Francis X. Caiazza
                                     U.S. District Court Judge

cc:
Troy Mannery
SCI Camp Hill
P. O. Box 200
Camp Hill, PA 17001-0200

- 4 -